IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

KENNETH DALE FANNIN, JR.,
Plaintiff,

v.                                                                                              Civil No. 3:20cv198 (DJN)

K. SELLERS, *et al.*,
Defendants.

**MEMORANDUM OPINION**

On March 24, 2020, Plaintiff Kenneth Dale Fannin, Jr. ("Plaintiff" or "Fannin"), a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] (ECF No. 1.) By Memorandum Order entered on August 26, 2020, the Court directed Fannin to file a Particularized Complaint. (ECF No. 11.) In the Court's August 26, 2020 Memorandum Order, the Court warned Fannin that if he failed to submit an appropriate Particularized Complaint that comported with the joinder requirements as set forth in the Memorandum Order, the Court would drop all defendants not properly joined with the first named defendant. (*Id.* at 3.) On September 28, 2020, Fannin filed a Particularized Complaint. (ECF No. 13.) The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, Federal Rule

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

of Civil Procedure 20(a),[2] and Fannin's compliance with the Court's August 26, 2020 Order.

## I. BACKGROUND

In Fannin's Particularized Complaint, he names the following defendants:[3] (1) K. Sellers; (2) Sergeant Rodriguez; (3) Dr. M. Picio; (4) Nurse Alexander; (5) RN Kitrell, and (6) Captain Rountree. (ECF No. 13, at 1.) The Court identifies the following claims from Fannin's Particularized Complaint:

| | |
|---|---|
| Claim One: | On January 4, 2018, Defendant Rodriguez used excessive force against Fannin in violation of the Eighth Amendment.[4] (*Id.* at 1.) |
| Claim Two: | Defendant Rodriguez failed to "properly store[]" Fannin's personal property in violation of the Fourteenth Amendment.[5] (*Id.*) |
| Claim Three: | On September 26, 2019, after finding contraband in Fannin's cell, Defendant Rountree locked Fannin in a shower because there were no empty cells and Fannin was not provided breakfast in violation of the "right to three meals a day," and the Eighth And Fourteenth Amendments. (*Id.*) |

---

[2] Federal Rule of Civil Procedure 20(a) provides:

> **(2) *Defendants.*** Persons . . . may be joined in one action as defendants if:
> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> **(B)** any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

[3] The Court employs the pagination assigned to the Particularized Complaint by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling in the quotations from the Particularized Complaint.

[4] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[5] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1. Fannin also contends that Defendants violated the Fifth Amendment. Defendants are state actors, so the Fourteenth Amendment controls here.

  Claim Four:  On January 11, 2018 through December 12, 2019, Defendants Picio, Alexander, and Kitrell provided inadequate medical care for Fannin's cyst in violation of the Eighth Amendment. (*Id.* at 1–2.)

Fannin seeks monetary damages. (*Id.* at 2.)

## II.  STANDARD OF REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines that the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A (providing standard for reviewing prisoner complaints). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard borrows the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, the Court takes a plaintiff's well-pleaded allegations as true and views the complaint in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

3

what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (warning against requiring "district courts to assume the role of advocate for the *pro se* plaintiff") (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

#### A.  Dismissal of Improperly Joined Claims

The Federal Rules of Civil Procedure place limits on a plaintiff's ability to join multiple defendants in a single pleading. *See* Fed. R. Civ. P. 20(a). "The 'transaction or occurrence test' of [Rule 20] . . . 'permit[s] all reasonably related claims for relief by or against different parties

4

to be tried in a single proceeding. Absolute identity of all events is unnecessary.'" *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983) (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)). "But, Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present[ ] entirely different factual and legal issues.'" *Sykes v. Bayer Pharm. Corp.*, 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (internal quotations omitted). "And, a court may 'deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of [promoting convenience and expediting the resolution of disputes], but will result in prejudice, expense, or delay.'" *Id.* (quoting *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007)).

In addressing joinder, the Court is mindful that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). This impulse, however, does not provide a plaintiff free license to join multiple defendants into a single lawsuit where the claims against the defendants are unrelated. *See, e.g., George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (ruling that district court should not have allowed prisoner to bring unrelated suits against unrelated defendants); *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Thus, "[a] buckshot complaint that would be rejected if filed by a free person —say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions — should be rejected if filed by a prisoner." *George*, 507 F.3d at 607.

"The Court's obligations under the PLRA include review for compliance with Rule 20(a)." *Coles v. McNeely*, 2011 WL 3703117, at *3 (E.D. Va. Aug 23, 2011) (citing *George*, 507 F.3d at 607).

5

> Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that these complaints have produced but also to ensure that prisoners pay the required filing fees.

*Id.* (citing 28 U.S.C. § 1915(g); *Showalter v. Johnson*, 2009 WL 1321694, at *4 (W.D. Va. May 12, 2009)).

Having previously warned Plaintiff of the joinder rules, the Court now proceeds with the analysis outlined in the August 26, 2020 Memorandum Order. (ECF No. 11, at 3.) The first named defendant in the Particularized Complaint is K. Sellers. (ECF No. 13, at 1.) However, Fannin fails to name Defendant Sellers anywhere in the body of his Particularized Complaint.

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (stating elements of a § 1983 claim). To state a legally sufficient claim for an alleged violation of a federal constitutional right, "[a] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citations omitted). Accordingly, the plaintiff must allege facts that affirmatively show "that the official charged acted personally in the deprivation of the plaintiff['s] rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (internal quotation marks omitted). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing *Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968)). Because Fannin

fails to mention Defendant Sellers in the body of his complaint and claim against Defendant Sellers will be DISMISSED WITHOUT PREJUDICE.

The Court proceeds to the next named Defendant, Sergeant Rodriguez. In Claims One and Two, Fannin faults Defendant Rodriguez for an alleged Eighth Amendment violation occurring on January 4, 2018, and a subsequent due process violation occurring six days later. (ECF No. 13, at 1.) Defendant Rodriguez is the sole Defendant named in Claims One and Two and he is not named in any of the other claims. Accordingly, the Court will proceed with the analysis that it announced in the August 26, 2020 Memorandum Order, and "the Court will drop all defendants not properly joined with the first named defendant."[6] (ECF No. 11, at 3.)

The remaining claims — Claims Three and Four — are different types of claims, alleging different conduct, on different dates, against different Defendants. Thus, it is apparent that Fannin has failed to articulate a common question of law and fact for all of the named defendants, and that Fannin's various causes of action do not arise "out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a). Instead, Fannin has submitted the sort of "mishmash of a complaint" that the rules governing joinder aim to prevent. *Jackson*, 2010 WL 724023, at *7 (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). As such, permitting the joinder of Claims Three and Four, will not promote the objectives of Rule 20 or judicial efficiency. *See Jackson*, 2010 WL 724023, at *8 n.10 (noting that allowing unrelated claims to proceed together wastes judicial resources).

---

[6] "Such a procedure fosters the objectives of the Rules of Civil Procedure[ ] of expediting the resolution of disputes, without further squandering scarce judicial resources on 'disputes that are not structurally prepared to use those resources efficiently.'" *Jackson*, 2010 WL 724023, at *8 n.10 (quoting *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279–80 (11th Cir. 2006)).

7

For the reasons set forth above, Fannin's Particularized Complaint "comprises multiple law suits, rather than one suit." *Jackson*, 2010 WL 724023, at *8 (quoting *Canada v. Ray*, 2009 WL 2448557, at *2 (W.D. Va. Aug. 10, 2009)).[7]

Accordingly, Claims Three and Four will be DISMISSED WITHOUT PREJUDICE, because Plaintiff has improperly joined them. Defendants Picio, Alexander, Kitrell, and Rountree will be dismissed from the action, because the claims against them are improperly joined. Thus, the action proceeds solely on Claims One and Two against Defendant Rodriguez to which the Court now turns.

### B. Eighth Amendment Violation

To state an Eighth Amendment claim, an inmate must allege facts showing "(1) that objectively the deprivation of a basic human need was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the objective prong, the inmate must allege facts to suggest that the deprivation complained of was extreme and amounted to more than the "routine discomfort" that is "part of the penalty that criminal offenders pay for their offenses against society." *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *De'Lonta v.*

---

[7] Through the PLRA, Congress sought to ensure "that the flood of nonmeritorious [prisoner] claims does not submerge and effectively preclude consideration of the allegations with merit." *Jones v. Bock*, 549 U.S. 199, 203 (2007) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The requirement that inmates must pay the full filing fee for each separate suit, *see* 28 U.S.C. § 1915(b)(1), is one of the PLRA's key "reforms designed to filter out the bad claims and facilitate consideration of the good." *Id.* at 204. To allow an inmate, such as Fannin, to "package many lawsuits into one complaint exempts him from such a cost, benefit analysis and thus undercuts the PLRA." *Canada*, 2009 WL 2448557, at *3.

8

*Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (quoting *Strickler*, 989 F.2d at 1381). With respect to claims of inadequate medical treatment under the Eighth Amendment, "the objective component is satisfied by a serious medical condition." *Quinones*, 145 F.3d at 167.

The subjective prong requires the plaintiff to allege facts that indicate a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (adopting test for deliberate indifference). "Deliberate indifference is a very high standard — a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his [or her] actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

When an inmate claims that a prison official used excessive force against him or her, the objective component of an Eighth Amendment claim calls for less demanding proof, and the subjective component requires more demanding proof. *See Williams v. Benjamin*, 77 F.3d 756,

9

761 (4th Cir. 1996). With respect to the objective component, the inmate must allege facts suggesting that the "nature" or amount of force employed "was nontrivial." *Wilkins v. Gaddy*, 559 U.S. 34, 39 (2010); *see id.* at 38 (observing that "a 'push or shove' that causes no discernable injury almost certainly fails to state a valid excessive force claim" (quoting *Hudson*, 503 U.S. at 9)).

With respect to the subjective component, the inmate must allege "'wantonness in the infliction of pain.'" *Iko*, 535 F.3d at 239 (quoting *Whitley v. Albers*, 475 U.S. 312, 322 (1986)). Specifically, "[t]he 'core judicial inquiry' . . . [is] not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilkins*, 559 U.S. at 37 (quoting *Hudson*, 503 U.S. at 7). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . whether or not significant injury is evident." *Hudson*, 503 U.S. at 9 (internal citation omitted).

In Claim One, Fannin provides the following allegations, in sum:

> On January 4, 2018, I attempted suicide in my cell, my cellmate at that time stopped me and talked me out of it. I requested mental health services and to be placed in isolation so that I could get my thoughts in order. While requesting these remedies to Sergeant Rodriguez, I was ignored and rudely instructed to return to my cell. I peacefully explained my situation, and Sergeant Rodriguez forcefully grabbed me by my shirt collar and pushed me onto the floor of my cell and slammed the door shut. I asked the floor officer for help and requested mental health. I was placed on suicide watch that day . . . .

(ECF No. 13, at 1.) Fannin fails to satisfy either the objective or subjective component for his Eighth Amendment claim against Defendant Rodriguez. As a preliminary matter, to the extent that Defendant Rodriguez was rude or ignored Fannin, such conduct fails to state an Eighth Amendment claim. Rather, allegations of verbal abuse and harassment by guards fails to state a claim of constitutional dimension. *See Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir 2005)

10

(affirming dismissal of inmate's complaint, because "mere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)). Moreover, the push here clearly constitutes a trivial use of force. *See Wilkins*, 559 U.S. at 38 (quoting *Hudson*, 503 U.S. at 9). Fannin also fails to allege facts suggesting that Williams acted "maliciously and sadistically to cause harm" when Fannin pushed him. *Id.* at 37 (quoting *Hudson*, 503 U.S. at 7). Accordingly, Fannin fails to adequately allege an Eighth Amendment claim for the excessive use of force against Defendant Rodriguez and Claim One will be DISMISSED for failure to state a claim.

### C.     Due Process Violation

The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972). The first step in analyzing a procedural due process claim calls for identifying whether the alleged conduct affects a protected interest. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997). Fannin fails to indicate that Defendant Rodriguez's actions resulted in the deprivation of any liberty interest. Rather, in Claim Two, Fannin contends that Defendant Rodriguez deprived him of property, when he allegedly lost Fannin's personal items by not ensuring that they were properly stored, without due process of law.

Virginia's provision of adequate post-deprivation remedies forecloses Fannin's due process claim for the deprivation of property. *See Wilson v. Molby*, 2012 WL 1895793, at *6-7 (E.D. Va. May 23, 2012) (finding that Virginia's post-deprivation remedies satisfy the requirements of due process); *Henderson v. Virginia*, 2008 WL 204480, at *10 n.7 (W.D. Va. Jan. 23, 2008) (same). Negligent and intentional deprivations of property "do not violate [the Due Process] Clause provided . . . that adequate state post-deprivation remedies are available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (finding that due process satisfied by post-

11

deprivation remedy to redress intentional destruction of personal property by prison guard during a shakedown).

Virginia has provided adequate post-deprivation remedies for deprivations caused by state employees. Under the Virginia Tort Claims Act, Virginia has waived sovereign immunity for damages for "negligent of wrongful" acts of state employees acting within the scope of employment. Va. Code Ann. § 8.01-195.3. The United States Court of Appeals for the Fourth Circuit has held that the Virginia Tort Claims Act and Virginia tort law provide adequate post-deprivation remedies for torts committed by state employees. *See Wadhams v. Procunier*, 772 F.2d 75, 78 (4th Cir. 1985) (finding inmate's recovery in federal court for deprivation of liberty foreclosed, because "Virginia provides adequate tort remedies for post-deprivation compensation"). Because the availability of a tort action in state court fully satisfies the requirement of a meaningful post-deprivation process, Fannin cannot state a claim for the loss of his property under the Fourteenth Amendment. *See Wilson*, 2012 WL 1895793, at *6-7 (finding that Virginia's post-deprivation remedies satisfy the requirements of due process); *Henderson*, 2008 WL 204480, at *10 n.7 (same). Accordingly, Claim Two will be DISMISSED for failure to state a claim and as legally frivolous.

## IV. CONCLUSION

The claims against Defendants Sellers, Picio, Kitrell, Alexander, and Rountree will be DISMISSED WITHOUT PREJUDICE. Claims Three and Four will be DISMISSED WITHOUT PREJUDICE as improperly joined. Claims One and Two will be DISMISSED for failure to state a claim and as legally frivolous. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate order will issue.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Plaintiff.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: November 19, 2020